

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 8, 2014

**BY ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 435
New York, NY 10007

        Re:    <u>Roger Williams, et al. v. U.S. Department of Justice, et al.</u>
               14 Civ. 5042 (ALC)

Dear Judge Carter:

      The Government respectfully submits this letter regarding the above-referenced matter, in which the Plaintiffs, Roger Williams and Denel Noel, ("Plaintiffs") have filed a complaint seeking the return of certain seized property. As detailed below, the United States Attorney's Office intends to filing a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) on the basis that this Court lacks subject matter jurisdiction to grant the relief Plaintiffs request. In addition, the Government also intends to seek dismissal of the complaint pursuant to Title 28, United States Code Section 1391(e) as Plaintiffs have failed to establish a prima facie basis that venue lies in the Southern District of New York. For the reasons set forth herein, and pursuant to this Court's Individual Practices, the Government respectfully requests a pre-motion conference and stay of the Government's deadline to move or answer.

**Relevant Background**

      On or about March 26, 2014, $60,838 in United States Currency ("Seized Currency") was seized from Roger Williams by law enforcement in Houston, Texas. Subsequently, the Drug Enforcement Administration commenced administrative forfeiture proceedings to forfeit the Seized Currency pursuant to Title 21 United States Code § 881 as the Seized Currency was used in, or acquired as a result of, a violation of the Controlled Substances Act. As such, on or about April 28, 2014 and again on May 27, 2014 the DEA sent a Notice of Seizure to Williams at his home address, notifying him of the DEA's intent to forfeit the Seized

Currency. The notice set forth a deadline of July 4, 2014 for Mr. Williams to contest the forfeiture. On or about July 2, 2014, the Plaintiffs filed the Complaint captioned "Petition for the Return of Money And Husband" in the Southern District of New York. After no claims having been filed by any third parties, including Plaintiffs, the DEA concluded administrative forfeiture proceedings and entered a Declaration of Forfeiture forfeiting the Seized Currency to the Government on August 19, 2014.

**This Court Does Not Have Jurisdiction To Return the Seized Currency**

Pursuant to Title 21 United States Code Section 881, the Government appropriately commenced administrative forfeiture of the Seized Currency as property that it believed was used in, or acquired as a result of, a violation of the Controlled Substances Act. Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") the administrative forfeiture decision is judicially unreviewable except for limited due process notice issues. *See Walker v. U.S. D.E.A.*, 01 Civ. 3668 (SHS), 2002 WL 1870131 (S.D.N.Y. Aug. 14, 2002)(*citing United States v. One 1987 Jeep Wrangler,* 972 F.2d 472, 480 (2d Cir. 1992). *See also Boero v. Drug Enforcement Admin.,* 111 F.3d 301, 304-05 (2d Cir. 1997). As an administrative forfeiture action was pending at the time the Complaint was filed, any judicial review of the merits of the seizure is inappropriate and without legal basis.

Furthermore, a Declaration of Forfeiture has now been entered and the administrative forfeiture of the Seized Currency has concluded. Pursuant to 18 U.S.C. § 983(e) a putative claimant can only challenge the administrative forfeiture if a procedural deficiency in the administrative process existed. *See* 18 U.S.C. 983(e)(5). As such, the only possible basis for judicial review of an administrative forfeiture proceeding is to ensure due process was effected by confirming the Government provided sufficient notice to potential claimants prior to forfeiture.

However, there are clearly no due process concerns that would warrant the Court's review. Here, the Plaintiffs included the Notice of Seizure sent by the DEA to Plaintiff, Williams, as an exhibit in their Complaint that was filed two days prior to the expiration of the deadline to file a claim with the DEA in the administrative forfeiture proceeding. As Plaintiffs received notice of the seizure and intention of the DEA to forfeit the Seized Currency and failed to respond, this Court is without subject matter jurisdiction to review the administrative forfeiture proceeding and Plaintiffs' complaint should be dismissed.

**Venue Does Not Lie in the Southern District of New York**

Assuming arguendo, that the Court determines it has jurisdiction over this matter, Plaintiffs are unable to demonstrate that the Southern District of New York is an appropriate venue pursuant to 28 U.S.C. 1391(e). The Plaintiffs fail to allege in the Complaint any basis for venue in this District. Indeed, there are no allegations in the Complaint setting forth a prima facie case that venue may lie in this district as they do not assert that any of the acts giving rise to the seizure of the Seized Currency occurred in the Southern District of New York. Here, the Seized Currency was seized in Houston, Texas while the Plaintiff, Roger Williams, was in Houston, Texas by law enforcement authorities operating in Houston, Texas. Further, it appears that

neither Plaintiff resides in the Southern District but reside rather in the Eastern District of New York.

Accordingly, the Government respectfully requests that the Government's deadline to move or answer the Plaintiffs complaint be stayed and a pre-motion conference be scheduled so that the Government can be given the opportunity to file a motion to dismiss the complaint based on the grounds set forth briefly above.

                  Respectfully submitted,

                  PREET BHARARA
                  United States Attorney for the
                  Southern District of New York

By:    */s/ Christine I. Magdo*
                  Christine I. Magdo
                  Assistant United States Attorneys
                  (212) 637-2297

cc:    Yoram Nachimovsky, Esq.
        Attorney for Plaintiffs